# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BRIAN DAVIS,

    Plaintiff,

v.     Case No. 6:24-cv-546-JA-RMN

ROBERT TERRELL, J.
RICHARD ESPINOSA, ADM
CAPITAL, WILLIAM FERGUSON
FAMILY PARTNERSHIP, LLC,
MIKE GERSTENBERGER,
JAMES H. HAIG, HELEN L.
HAIG, E&L TEXAS
INVESTMENTS, ERIC
SCHNEIDER, QUEST TRUST
COMPANY, and PRO SERV
INDUSTRIAL CONTRACTORS,
LLC,

    **Defendants.**

## ORDER

This case is before the Court on review of the record following its transfer here from the Western District of Kentucky.

Plaintiff, Brian Davis, filed this case in the United States District Court for the Western District of Kentucky on January 22, 2024. (Compl., Doc. 1). Defendants then moved to dismiss based on lack of personal jurisdiction and improper venue, alternatively moving to transfer venue. (Mot., Doc. 9). The parties then agreed to the transfer of the case to this Court, (*see* Docs. 13 & 14),

and the case was accordingly transferred, (*see* Doc. 16). But it is not clear that this Court has subject-matter jurisdiction over this case.

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

In the Complaint (Doc. 1), Plaintiff bases federal jurisdiction on diversity of citizenship under 28 U.S.C. § 1332, but Plaintiff does not sufficiently allege diversity of citizenship. Plaintiff identifies the states of residence of Plaintiff and the individual Defendants, but "[r]esidence alone is not enough" to establish citizenship. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . ." *Id.* at 1257–58 (alteration in original) (internal quotation marks omitted) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). That a party may be a resident of a certain state does not establish that state as his or her domicile.

2

Nor has Plaintiff adequately alleged the citizenships of the business-entity Defendants. For example, the citizenship of a limited liability company is determined by the citizenships of each of its members, not by where the company is organized. *See Rolling Greens MHP, L.P., v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Thus, the Court cannot ascertain whether the parties are of diverse citizenship. Accordingly, it is **ORDERED** as follows:

1. The Complaint (Doc. 1) is dismissed without prejudice.

2. **No later than April 12, 2024,** Plaintiff shall file an amended complaint that establishes the citizenship—not merely the residence—of each party.

**DONE** and **ORDERED** in Orlando, Florida, on April 2, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties