UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN DAVIS,

    Plaintiff,

v.                                            Case No. 6:24-cv-546-JA-RMN

ROBERT TERRELL, J.
RICHARD ESPINOSA, ADM
CAPITAL, WILLIAM FERGUSON
FAMILY PARTNERSHIP, LLC,
MIKE GERSTENBERGER,
JAMES H. HAIG, HELEN L.
HAIG, E&L TEXAS
INVESTMENTS, ERIC
SCHNEIDER, and QUEST
TRUST COMPANY,

    **Defendants.**

## ORDER

This case is before the Court on review of Plaintiff's Second Amended Complaint (Doc. 30). Because Plaintiff has not, despite multiple opportunities, established that the parties are of diverse citizenship, this case will be dismissed for lack of subject-matter jurisdiction.

In the initial Complaint (Doc. 1), Plaintiff identified only the states of residence (rather than citizenship) of Plaintiff and the individual Defendants, and Plaintiff also did not adequately allege the citizenships of the business-entity Defendants. Plaintiff cured some of those deficiencies in the First

Amended Complaint, but the Court dismissed that complaint without prejudice because Plaintiff still did not sufficiently identify the citizenship of three of the Defendants—ADM Capital, LLC; William Ferguson Family Partnership, LTD; and E&L Texas Investments. (*See* Order, Doc. 22). In his third attempt, Plaintiff has sufficiently alleged the citizenship of ADM Capital, LLC, but his allegations regarding the citizenships of the other two Defendants still fall short.

In its prior Order (Doc. 22), the Court noted in part that Plaintiff's "failure to identify the limited partners of [William Ferguson Family Partnership] and the citizenships of each make it impossible for the Court to discern the citizenship of this Defendant." (Doc. 22 at 2). Rather than identify the limited partners in the Second Amended Complaint, Plaintiff vaguely alleges that "[t]he limited partners of [this Defendant] are citizens of Texas and none are citizens of the State of Indiana." (Doc. 30 ¶ 5). This is not sufficient. *See, e.g., Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996) (noting that "the identity and citizenship of the partners" are "vital bits of information").

The Second Amended Complaint's allegations regarding the citizenship of Defendant E&L Texas Investments are also deficient. Plaintiff now alleges that "E&L is a general partnership domiciled in Texas comprised of Eric Schneider and Linda Schneider." (Doc. 30 ¶ 9). The Court is unsure whether Plaintiff is attempting here to assert that Eric and Linda Schneider are the partners of

2

E&L, and it will not assume so. Plaintiff also includes a footnote stating that it asked E&L "to identify its entity type, owners and respective dom[i]cile, but received no response." (Doc. 30 at 5 n.1). This reinforces the Court's doubt about E&L's citizenship and Plaintiff's assertion of it.

In sum, despite repeated attempts, Plaintiff has not met his burden of establishing that the parties are of diverse citizenship such that this Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332. Accordingly, it is **ORDERED** as follows:

1. This case is dismissed without prejudice for lack of subject-matter jurisdiction.

2. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida, on May 21, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties